UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================
HUBERT JONES,

      Plaintiff,

  -against-

FAIRWAY EAST 86TH ST., LLC.,

      Defendant
===============================================

1:18-CV-02577

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Hubert Jones, as and for his complaint, by his undersigned counsel, Gordon & Gordon, P.C., alleges as follows:

## INTRODUCTION

1. Plaintiff, Hubert Jones, an African American man, brings this action against the Defendant, seeking redress from Defendant's violation of federal, state and municipal civil rights laws by unlawfully discriminating against Plaintiff on the basis of his race and color.

2. On February 2, 2018 Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission (EEOC).

## PARTIES

3. Plaintiff Hubert Jones ("Plaintiff"), is a resident of the State of New York, County of New York.

4. Defendant, FAIRWAY EAST 86TH ST., LLC., ("Fairway" or "Defendant") is a limited liability company formed pursuant to the laws of the State of Delaware with its principal place of business located at 240 East 86th Street, New York, NY.

5. Fairway is authorized to do business in the State of New York.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law, Executive Law Article 15, § 296-a, and New York City Human Rights Law, Administrative Code Title 8, § 8-107 claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims alleged herein and are so related to the federal claims as to form part of the same controversy under Article III of the United States Constitution.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants conducts business and can be found in this district.

**FACTUAL ALLEGATIONS**

9. In December 2014, Plaintiff applied for a position with Fairway via Fairway's website, with their deli department located at 240 East 86th Street, New York, NY.

10. On December 6th 2014, Plaintiff received an e-mail confirmation stating that his application had been received and sent him a link to submit his W-2 forms. Once he followed the link and submitted the W-2 forms, he received another email stating that he was offered the position.

11. Shortly thereafter Plaintiff received a telephone call from Fairway's Human Resources Manager, Miriam Reynoso ("Ms. Reynoso") who asked Plaintiff to come to the aforementioned location on 86th Street, fill out some paperwork, and bring photo identification.

12. Plaintiff complied with Ms. Reynoso's request and met 'Irving', a supervisor at Fairway, who asked him to fill out some paperwork and made copies of his photo identification.

13. Upon arrival at the aforesaid location, Plaintiff noticed that each of the employees at the location were Hispanic, and that he was the only African-American man on the premises. The job opportunity was referred to Plaintiff by his friend, who is also Hispanic, therefore this detail did not concern the Plaintiff at the time.

14. Once all the paperwork was completed, Irving, a Fairway Supervisor informed the Plaintiff that he could commence employment that following Wednesday at 1:00 PM.

15. When Plaintiff reported to work on Wednesday, he was greeted by surprised staff members wondering why he was there in the Store. Once Plaintiff informed the other employees that he was supposed to begin work that day, he was asked to wait for Irving. Once Irving arrived, he had a conversation in rapid Spanish with Ms. Reynoso in front of the Plaintiff, who was then asked to leave without an explanation. He was just told that he did not have "store numbers" but no one explained to him what that meant.

16. A week later Plaintiff called Fairway and spoke to Ms. Reynoso. Ms. Reynoso asked Plaintiff to come in a second time to bring his photo identification for making copies. Plaintiff informed her that on his first day at Fairway, Irving had made copies and he expressed concern that photocopies of his personal data was missing.

17. Ms. Reynoso insisted that she did not possess any copies of his photo identification and if he did not bring the identification then he would not get the job. Plaintiff reminded her that he had already been hired by Fairway at which point Ms. Reynoso yelled at him and the phone call ended.

18. After that encounter, it became clear to Plaintiff that he was not going to be hired and allowed to work at Fairway.

19. Ms. Reynoso's tone over the phone and the general demeanor and conduct of the staff at Fairway toward the Plaintiff, from their first encounter made the Plaintiff feel that no one at Fairway expected an African American man to show up for work and Ms. Reynoso's refusal to let him commence his employment was motivated by racial discrimination.

**FIRST CLAIM FOR RELIEF AGAINST ALLIANCE**
**(Racial Discrimination in Violation of Title VII)**

20. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 19 above as if set forth herein.

21. Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

22. Defendants' actions and course of conduct constitutes racial discrimination and violates Title VII.

23. Fairway is liable for the discrimination alleged herein under the doctrine of respondeat superior.

24. Fairway is strictly liable for the acts of its supervisory employees, including the HR manager Ms. Reynoso, and other supervisors.

25. Alternatively, with respect to allegations of racial discrimination, Fairway is liable for the acts alleged herein through agency principles for the acts of its supervisory employees because the persons who utilized the discriminatory practices used their actual or apparent authority to further the unlawful conduct and were otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

26. Further, Fairway is liable for the acts of its employees because Fairway provided no reasonable avenue of complaint, or Fairway knew of the racial discrimination but did nothing about it.

27. Fairway has allowed the racial discrimination alleged herein to go unremedied for so long that it amounts to a policy or practice and constitutes Fairway's standard operating procedure.

28. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected human and civil rights, and as such Fairway should be required to pay damages allowed for the in the statute, including economic damages, compensatory damages, including emotional distress damages, and attorney fees in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Racial Discrimination in Violation of New York Human Rights Law)

29. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 28 above as if set forth herein.

30. New York's Human Rights Law, New York Executive Law § 296 et cetera., makes it unlawful for a resident or domestic corporation to discriminate against any employee in compensation, terms, conditions or privileges on the basis of race or color.

31. As previously set forth, defendants discriminated against plaintiff in compensation, terms, conditions or privileges on the basis of race or color.

32. Specifically, Plaintiff was hired as a Deli clerk but once he arrived at the supermarket and was observed to be an African-American man, he was refused employment and was denied equal opportunities, corporate support and assistance.

33. At all pertinent times, all defendants were present in New York state and all discriminatory acts were perpetrated in New York state.

34. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected human and civil rights, and as such Fairway should be required to pay damages allowed for the in the statute, including economic damages, compensatory damages (including emotional distress damages), and attorney fees in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Racial Discrimination in Violation of New York City Administrative Code)

35. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 34 above as if set forth herein.

36. The Administrative Code of the City of New York § 8-107, subd. 7, makes it unlawful to retaliate or discriminate in any manner against an employee because the employee has (i) opposed discriminatory practices of the employer in violation of the Administrative Code, (ii) filed a complaint under the Administrative Code, or (iii) commenced a civil action alleging the commission of an act which is racially discriminatory in violation of the Administrative code.

37. As previously set forth, defendants discriminated against plaintiff in compensation, terms, conditions or privileges on the basis of race or color.

38. Specifically, plaintiff was hired as a Deli clerk but once he arrived at the supermarket and was observed to be an African-American man, he was refused employment and was denied equal opportunities, corporate support and assistance.

39. At all pertinent times, all defendants were present in New York state and all discriminatory acts were perpetrated in New York state.

40. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected human and civil rights, and as such Fairway should be required to pay damages allowed for the

in the statute, including economic damages, compensatory damages (including emotional distress damages), and attorney fees in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Retaliation in Violation of Title VII)

41. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 40 above as if set forth herein.

42. Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), makes it unlawful for an employer to retaliate against an employee because that employee has engaged in the protected activity of opposing unlawful racial discrimination and/or filing a charge of racial discrimination.

43. Rather than investigate Plaintiff's complaints of racial discrimination, Fairway subjected Plaintiff to accusations that he failed to provide photo identification, reprimands and other adverse treatment.

44. On February 2, 2018, the United States Equal Employment Opportunity Commission issued plaintiff a notice of right to sue based on a charge of racial discrimination, which he had filed against defendant alleging racial discrimination.

45. All jurisdictional prerequisites to the institution of a suit under Title VII have been fulfilled.

46. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected human and civil rights, so that, in addition to the damages inflicted upon Plaintiff and in addition to all other measures of relief to which Plaintiff may be properly entitled herein, Fairway should also be required to pay punitive damages for its discriminatory conduct.

**FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Retaliation in Violation of New York Human Rights Law)**

47. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 46 above as if set forth herein.

48. New York's Human Rights Law, New York Executive Law § 296-7 et seq., makes it unlawful for any person to retaliate or discriminate against any person because he has opposed any practices forbidden under New York Executive Law § 296, et seq., or because he has filed a complaint opposing racially discriminatory activity.

49. As previously set forth, Plaintiff opposed the racially discriminatory practices of the defendant by verbal complaints, written complaints and by filing charges of racial discrimination with the appropriate federal agency.

50. As previously set forth, Fairway retaliated against Plaintiff for his opposition to Fairway's discriminatory practices.

51. The actions complained of in this complaint were taken because of plaintiff's race and because of his opposition to employment practices which he reasonably believed to be discriminatory.

52. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected human and civil rights, so that, in addition to the damages inflicted upon Plaintiff and in addition to all other measures of relief to which Plaintiff may be properly entitled herein, Fairway should also be required to pay punitive damages for its discriminatory conduct.

**SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Retaliation in Violation of New York City Administrative Code)**

53. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 52 above as if set forth herein.

54. The Administrative Code of the City of New York § 8-107, subd. 7, makes it unlawful to retaliate or discriminate in any manner against an employee because the employee has (i) opposed discriminatory practices of the employer in violation of the Administrative Code, (ii) filed a complaint under the Administrative Code, or (iii) commenced a civil action alleging the commission of an act which is racially discriminatory in violation of the Administrative code.

55. As previously set forth, Plaintiff opposed the racially discriminatory practices of the defendant by issuing verbal complaints, and by filing charges of racial discrimination with the appropriate federal agency.

56. Moreover, Plaintiff opposed the racially discriminatory practices of the defendants by commencing the action herein against the defendant.

57. As previously set forth defendant retaliated against Plaintiff for his opposition to defendants' discriminatory practices. The retaliatory actions complained of in this complaint were taken because of Plaintiff's race and because of his opposition to employment practices which he reasonably believed to be discriminatory.

58. The actions complained of in this complaint have caused Plaintiff to lose wages, benefits, employment opportunities, and to incur expenses.

59. At all pertinent times, all defendants were present in New York City and all discriminatory and retaliatory acts were perpetrated in New York City.

60. Fairway's unlawful discriminatory conduct was willful, reckless, egregious and intended to mask the fact that their conduct was in fact discriminatory and violated Plaintiff's protected

9

human and civil rights, so that, in addition to the damages inflicted upon Plaintiff and in addition to all other measures of relief to which Plaintiff may be properly entitled herein, Fairway should also be required to pay punitive damages for its discriminatory conduct.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that the Court enter judgment against defendants as follows

    A.  Declaring and adjudging that Fairway's acts and conduct violated Title VII of the Civil Rights Act of 1964 and 1991, the Human Rights Law and the Administrative Code;

    B.  Declaring and adjudging that Fairway violated New York State common law;

    C.  Declaring and adjudging that Fairway violated New York State Human Rights Law;

    D.  Declaring and adjudging that Fairway violated New York City Human Rights Law;

    E.  Awarding Plaintiff the value of all compensation and benefits lost as a result of defendant's unlawful conduct, together with prejudgment interest;

    F.  Awarding plaintiff the value of all compensation and benefits he will lose in the future as a result of Fairway's unlawful conduct;

    G.  In the alternative to paragraph "F", reinstating plaintiff with appropriate promotions and seniority and otherwise making plaintiff whole;

    H.  Awarding Plaintiff economic damages for the claims made herein, together with prejudgment interest, in an amount to be determined at trial;

    I.  Awarding Plaintiff compensatory damages for the claims made herein, together with prejudgment interest, in an amount to be determined at trial;

    J.  Awarding plaintiff punitive damages, in an amount to be determined at trial;

    K.  Awarding plaintiff his attorney's fees, costs and disbursements of this action; and

    L.  Awarding plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury on all claims so triable.

Dated: March 22, 2018,
      Forest Hills, NY


                                          GORDON & GORDON, P.C.

                                          _____
                                          SUPRIYA KICHLOO, ESQ. (SK 6458)
                                          *Attorney for Plaintiff*
                                          108-18 Queens Boulevard, 6th Floor
                                          Forest Hills, NY 11375
                                          Tel: (718) 544-7070
                                          Fax: (718) 544-0994


To:    Fairway East 86th Street LLC
          c/o Fairway Group Central Services LLC
          2284 12th Avenue
          New York, NY 10027